IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOE ISAAC JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:11cv124 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Joe Isaac Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson was convicted of two counts of theft and one count of engaging in organized criminal activity, for which he received concurrent sentences of 35 years in prison. The evidence at trial showed that Johnson was the mastermind behind an auto theft ring, which operated by going to car dealerships and feigning interest in a car, getting the key from a salesman, copying down the codes on the key, and having a duplicate made. A member of the ring would then return to the dealership during the night and steal the car using the duplicate key.

The ring was broken on the night of November 28, 2004, when Officer Eduardo Reyna of the Rio Grande City police force investigated a three-car accident, involving a new Ford pickup, an gray Honda Accord, and another Ford pickup. Johnson was driving the Honda and a person named Tanya Grover was driving the new Ford pickup. Reyna's investigation into the accident determined that the new Ford pickup had been stolen from Chambers County, Texas; he confronted Grover, and

1

she told him that Johnson had paid her $150.00 to drive the truck from Houston to the Rio Grande Valley. Johnson denied knowing Grover, but Grover said that she had personal belongings, including her identification, in the trunk of Johnson's car, a fact which was later confirmed. Grover also said that there was a third car traveling with her and Johnson, which was being driven by her boyfriend; law enforcement officials put out a notice to be on the lookout for that car, and it was stopped near Rio Grande City, in Sullivan City. This car, driven by James Lee Williams Jr., also turned out to be stolen.

Grover was placed under arrest for driving a stolen car and Johnson's car was impounded. An inventory search of Johnson's car turned up Grover's backpack. Later, a Department of Public Safety officer named Terry Snyder checked the safety label on the inside door frame on Johnson's car; while doing so, he noticed a number of business cards from automobile dealerships in plain view on the console. When Snyder examined these business cards, he found that two of them had numbers written on the back. These numbers corresponded to key codes, and an investigation confirmed that vehicles corresponding with those codes had been stolen from those dealerships.

In his petition for habeas corpus relief, Johnson complains that: he was denied effective assistance of counsel when his attorney, Thomas Nenni, failed to litigate a motion to suppress evidence, failed to litigate a motion to suppress in-court and out-of-court identification testimony, failed to litigate a motion to suppress the business cards, the Confrontation Clause was violated when Nenni failed to object to hearsay statements made by Reyna, and the evidence was legally insufficient to support the conviction or corroborate the testimony of the accomplice witness, James Williams.

The Magistrate Judge ordered the Respondent to answer the petition, and Johnson filed a response to the answer in the form of a motion for evidentiary hearing and motion for summary judgment, along with an affidavit containing additional summary judgment evidence.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report on May 10, 2012, recommending that the petition be dismissed. With regard to Johnson's complaints of counsel failing to litigate a motion to suppress evidence, the Magistrate Judge determined that Johnson's complaint regarding the search of the backpack lacked merit because the backpack belonged to Grover and Johnson denied ownership of it; thus, he lacked standing to challenge the search of the backpack.

As for the business cards, the evidence showed that they were discovered by Sgt. Snyder of the Department of Public Safety when Snyder was inspecting the safety sticker on the inside of the door frame. The Magistrate Judge determined that the business cards were in plain sight and that Sgt. Snyder had a right to be where he could see them, citing New York v. Class, 475 U.S. 106, 118 (1986) (opening a car door to inspect the doorjamb for the VIN number does not violate the Fourth Amendment because there is no reasonable expectation of privacy in the doorjamb). The Magistrate Judge also concluded that because Johnson had been placed under arrest and the "automobile exception" to the Fourth Amendment permits a search of the vehicle when there is probable cause to believe that it contains contraband or evidence of a crime, and so the business cards in plain sign on the console would inevitably have been discovered by law enforcement agents, rendering them admissible under the "inevitable discovery" rule. *See* United States v. Jackson, 596 F.3d 236, 241 (5th Cir. 2010).

In his objections, Johnson states that he is not challenging the inventory search of the car, but only the search which led to the discovery of the business cards. He says that the state trial court erroneously found, in ruling on his state habeas petition, that the business cards were found during the inventory search, when Snyder testified that he had found them.

Johnson argues that Snyder did not have lawful access to his car because the car was "not in police custody," apparently because it was being held in a private impound yard, and Johnson did not consent to a search of the car while he was detained in police custody. As the Magistrate Judge determined, however, the fact that Johnson's car, which had been impounded by the Rio Grande City

police, was in a private impound yard did not mean that it was "not in police custody." *See* Colorado v. Bertine, 479 U.S. 367, 372-73 (1987). Johnson has not shown that Sgt. Snyder did not have lawful access to his car, particularly in view of the fact that the officer was checking the safety sticker on the doorjamb, in which Johnson lacks a protected privacy interest. Class, 475 U.S. at 118. Johnson's consent was not required for Snyder to inspect the safety sticker. Nor has he shown that the business cards were not in plain view or that their seizure otherwise violated the Fourth Amendment. As such, Johnson has failed to show that Nenni had a valid basis upon which to litigate a Fourth Amendment claim, nor that but for this failure, the result of the proceeding would probably have been different. His objection on this point is without merit.

Johnson also complains at length that the state habeas court erred in its findings of fact. He says that the state habeas court found that the business cards were discovered by Reyna during the inventory search, but that in fact, the evidence at trial showed that the cards were discovered by Snyder in a second, independent search.

Johnson argues that the state habeas court's findings in this regard are not entitled to the presumption of correctness, saying that the state court's adjudication of his claim resulted in a decision that was contrary to settled law. He asserts that "the Magistrate Judge was not authorized by federal law to make implicit findings as a necessity to resolving Johnson's constitutional claim of ineffective assistance of counsel. Specifically because the trial court was never presented with Johnson's Fourth Amendment claim through his trial counsel that the search of his impounded vehicle by TDPS officer Snyder was an unlawful search."

Although Johnson challenges the presumption of correctness with regard to the state court's finding regarding the search, which was that the cards had been discovered by Reyna during the inventory search, the Magistrate Judge did not presume this finding to be correct; on the contrary, the Magistrate Judge accepted Johnson's version of events as correct and assumed that, in fact, Snyder discovered the business cards in a search which was separate from the inventory search conducted by Reyna.

However, the mere fact that the state court made an apparent error in its findings of fact does not itself entitle Johnson to federal habeas corpus relief. The Fifth Circuit has explained that infirmities in state habeas proceedings do not constitute grounds for relief in federal court. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), *cert. denied,* 527 U.S. 1056 (1999). Johnson has failed to show that he received ineffective assistance of counsel in this regard and his objection on this point is without merit.

Next, Johnson complains that Nenni failed to object to "identification testimony." He explained that the identification which he is challenging was not an identification of him; rather, it was the identity of the two salesmen who testified at trial. Johnson says that these salesmen were "identified" by the fact that their business cards were discovered in Johnson's car, with key codes written on the back of these business cards. Johnson says that neither the state court nor the Texas Court of Criminal Appeals made any factual determination as to whether Snyder's search of his car was unlawful, and so the federal court should hold an evidentiary hearing or remand for a new trial.

This objection essentially tracks the prior claim by asserting that the salesmen were improperly "identified" because of the allegedly unlawful seizure of their business cards from Johnson's car. To the extent that Johnson complains about the seizure of the business cards itself, this is a Fourth Amendment claim which is barred by Stone v. Powell, 428 U.S. 465, 481-82 (1976). Nor has Johnson shown that Nenni had a valid basis upon which to challenge the seizure of these claims, or that but for this failure, the result of the proceeding would probably have been different. His objection on this point is without merit.

Third, Johnson asserts that Nenni failed to object to hearsay statements from Officer Reyna which violated the Confrontation Clause. The Magistrate Judge cited Crawford v. Washington, 541 U.S. 36 (2004) as holding that the Confrontation Clause is violated when the prosecution introduces testimonial statements of a witness who did not appear at trial unless she is unable to testify, and the defendant had a prior opportunity for cross-examination; however, some statements are non-testimonial and thus fall outside of the ambit of the Confrontation Clause.

In this case, the statements about which Johnson complains were the statements made by Grover to Reyna. The state habeas court found, citing Davis v. Washington, 547 U.S. 813 (2006) and Vinson v. State, 252 S.W.3d 336 (Tex.Crim.App. 2008), that Grover's statements were non-testimonial because they were made in the context of the on-going emergency posed by the three-vehicle accident which Reyna was investigating, and that Grover's statements were in the nature of spontaneous statements made as events unfolded. The state court also concluded that any statements made by Johnson at this time in response to Grover were not hearsay because they were admissions of a party-opponent.

The Magistrate Judge stated that "the state habeas court specifically found that Grover's statements were non-testimonial, and so in order to prevail, Johnson must show that this finding represents an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," citing Maldonado v. Thaler, 625 F.3d 229, 235 (5th Cir. 2010). In addition, the Magistrate Judge observed that the state court's factual findings are presumed to be correct, a presumption which is rebuttable only by clear and convincing evidence under 28 U.S.C. §1915(e)(1). The Magistrate Judge concluded that Johnson had failed to meet this standard and thus had failed to show that counsel rendered ineffective assistance by not raising a Confrontation Clause objection, nor that but for this alleged dereliction, the result of the proceeding would probably have been different.

In his objections, Johnson argues that the state court's determination was an unreasonable application of clearly established law. He asserts that the questioning of Grover as to why she was driving a stolen vehicle had "nothing to do" with the traffic accident, and asserts that Grover's statements were "describing past events potentially relevant to a criminal proceeding," and thus were testimonial in nature.

Johnson's objections are nothing more than disagreement with the conclusion which the state court drew. The state court, citing Vinson, concluded that Grover's statements were not testimonial

because at the time of these statements, the event under investigation was still on-going, since the vehicles involved were still in the roadway; Reyna's questioning concerned the history of the accident, identifying involved parties, verifying ownership of vehicles, and obtaining proof of liability insurance; the investigation was not done in an atmosphere which was "tranquil," but was done in a public street; and Grover's statements were not retold in a step by step fashion, but were spontaneous and not in response to interrogation. Based on these factors, the state habeas court concluded that Grover's statements were non-testimonial.

As the Magistrate Judge stated, the federal courts cannot reverse a state court decision merely because the federal court would itself reach a different outcome; rather, the federal court must conclude that the state court applied a correct legal rule to a given set of facts in a manner which was so patently incorrect as to be unreasonable. Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). Johnson's objections fail to show that the state court's application of Crawford was so patently incorrect as to be unreasonable. His objection on this point is without merit.

Finally, Johnson contends that he filed a motion for summary judgment to which the Respondent did not reply; he states that "the Respondent has not disputed the summary judgment evidence put forth by Johnson" and so he is entitled to federal habeas relief, or at least an evidentiary hearing. The Magistrate Judge reviewed Johnson's motion for summary judgment and his summary judgment evidence, and discussed these in the Report and Recommendation. The fact that the Respondent did not file a response to Johnson's motion for summary judgment does not thereby render Johnson entitled to relief or an evidentiary hearing. *See* John v. State of Louisiana Bd. of Trustees for State Colleges and Universities, 757 F.2d 698, 708 (5th Cir. 1985) (noting that the fact that a non-movant failed to respond to a motion for summary judgment is not itself a basis for granting that motion; rather, the movant has the initial burden of proof to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law). Johnson has failed to show that he is entitled to judgment as a matter of law, and his objections concerning his motion for summary judgment are without merit.

In his petition, Johnson also contends that the evidence was insufficient to support the conviction and that the evidence was insufficient to corroborate the testimony of the accomplice witness, Williams. The Magistrate Judge recommended that these claims be denied, and Johnson did not object to this recommendation; accordingly, he is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings, documents, and records in this case, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 16) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this civil action, specifically including but not limited to the Petitioner's motions for summary judgment and for an evidentiary hearing, are hereby DENIED.

So **ORDERED** and **SIGNED** this **15** day of **June, 2012.**

_____
Ron Clark, United States District Judge